Justin James Erbacher, CDCR# G-64213
*Name and Prisoner Booking Number*

California Substance Abuse Treatment Facility/State Prison (CSATF/SP)
*Place of Confinement*

P.O. Box 5248  A1-10-4 low
*Mailing Address*

Corcoran, CA  93212
*City, State, Zip Code*

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Justin James Erbacher
*(Full Name of Plaintiff)*
            Plaintiff,

        v.

(1) Correctinal Officer Robles
*(Full Name of Defendant)*

(2) Correctional Officer Doe 1

(3) Correctional Officer Doe 2

(4) Correctional Lieutenant Williams
            Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 1:23-cv-01194-BAM-(PC)
*(To be supplied by the Clerk)*

**CIVIL RIGHTS COMPLAINT BY A PRISONER**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: California Substance Abuse Treament Facility/State Prison
Corcoran, CA

NOTE TO THE CLERK OF THE COURT

I have endeavored to ascertain the full names of the officers named as defendants in this complaint, but have been thwarted at every turn. Staff has flat out refused to divulge the information or look it up for me. I am therefore unable to provide their full names at this time.

Your attention to this matter is greatly appreciated. Thank you.

Dated: 8/10/2023

Respectfully Submitted,

Justin Erbacher,
Plaintiff, In Pro Se

## B. DEFENDANTS

1. Name of first Defendant: __Robles__. The first Defendant is employed as: __Correctional Officer__ at __CSATF/SP__.
   (Position and Title) (Institution)

2. Name of second Defendant: __Correctional Officer Doe 1__. The second Defendant is employed as: __Correctional Officer__ at __CSATF/SP__.
   (Position and Title) (Institution)

3. Name of third Defendant: __Correctional Officer Doe 2__. The third Defendant is employed as: __Correctional Officer__ at __CSATF/SP__.
   (Position and Title) (Institution)

4. Name of fourth Defendant: __Williams__. The fourth Defendant is employed as: __Correctional Lieutenant__ at __CSATF/SP__.
   (Position and Title) (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   [X] Yes   [ ] No

2. If yes, how many lawsuits have you filed? __1__. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: __Justin James Erbacher__ v. __Warden Stu Sherman__
      2. Court and case number: __U.S. Dist. Court, Eastern Dist., Case # 1:20-CV-01135-EPG__.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Settled out of court, dismissed.__

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: <u>Eighth Amendment prohibition against cruel and unusual punishment.</u>

2. Claim I. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: <u>Sexual Harassment/Misconduct</u>

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   SEE STATEMENT OF FACTS

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).

   SEE STATEMENT OF FACTS

5. Administrative Remedies:
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

## CLAIM II

1. State the constitutional or other federal civil right that was violated: **Eighth Amendment prohibition against cruel and unusual punishment.**

2. Claim II. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: **Deliberate Indifference**

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   **SEE STATEMENT OF FACTS**

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).

   **SEE STATEMENT OF FACTS**

5. Administrative Remedies.
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

## CLAIM III

1. State the constitutional or other federal civil right that was violated: <u>Fourth Amendment prohibition against unreasonable searches.</u>

2. Claim III. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: <u>Search in defiance of legally protected registered search preferen</u>

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   SEE STATEMENT OF FACTS

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).

   SEE STATEMENT OF FACTS

5. Administrative Remedies.
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

## BRIEF SUMMARY OF CLAIMS

**Defendant Robles:** That on March 23, 2021, Correctional Officer Robles committed sexual misconduct upon Plaintiff Erbacher when he sexually harassed Plaintiff Erbacher, a transgender inmate, by forcing Plaintiff Erbacher to submit to an illegal unclothed search in defiance of Plaintiff Erbacher's registered search preference by a female officer, and under duress of the threat of physical violence, in violation of 15 CCR §3401.5, Penal Code §2606, the U.S. Constitution's Fourth Amendment and the California Constitution's Article 1, §13, prohibition against unreasonable searches, and the U.S. Constitution's Eighth Amendment and the California Consitution's Article 1, §17, prohibition against cruel and unusual punishment and deliberate indifference to Plaintiff Erbacher's constitutional rights and personal safety.

**Defandnat Doe 1:** That on March 23, 2021, Correctional Officer Doe 1 acted in violation of the U.S. Constitution's Eighth Amendment and the California Constitution's Article 1, §17, prohibition on cruel and unusual punishment when he was deliberately indifferent to the violation of Plaintiff Erbacher's constitutional rights by Defendants Robles and Doe 2 in their actions of committing sexual misconduct upon Plaintiff Erbacher, a transgender inmate, personally acted to place Plaintiff Erbacher under duress of the threat of physical violence, and deliberately chose to not report the incident to the highest-ranking officer on duty in violation of 15 CCR §3401.5.

**Defendant Doe 2:** That on March 23, 2021, Correctional Officer Doe 2 committed sexual misconduct upon Plaintiff Erbacher when he sexually harassed Plaintiff Erbacher, a transgender inmate, when he participated with Defendant Robles in forcing Plaintiff Erbacher to submit to an illegal unclothed search in defiance of Plaintiff Erbacher's registered search preference by a female officer, and

under duress of the threat of physical violence, in violation of 15 CCR §3401.5, Penal Code §2606, the U.S. Constitution's Fourth Amendment and the California Constitution's Article 1, §13, prohibition against unreasonable searches, and the U.S. Constitution's Eighth Amendment and California Constitution's Article 1, §17, prohibition against cruel and unusual punishment and deliberate indifference to Plaintiff Erbacher's constitutional rights and personal safety.

**Defendant Williams:** That approximately a week or two after the incident on March 23, 2021, Correctional Lieutenant Williams acted with deliberate indifference to Plaintiff Erbacher's complaint when he failed to meaningfully investigate Plaintiff Erbacher's claims and declined to follow the protocol for reporting and investigating the incident, in violation of 15 CCR §3401.5. Correctional Lieutenant Williams also acted in deliberate indifference to Plaintiff Erbacher's claim of sexual harassmanet at the hands of officers under Lieutenant Williams' supervision when he flatly stated that "no one is going to get in trouble over this," in blatant violation of Penal Code §182(a)(5)'s prohibition against conspiring to obstruct.

## STATEMENT OF FACTS

1. On Tuesday, March 23, 2021, I attended a scheduled medical appointment at the Correctional Treatment Center ("CTC") at the California Substance Abuse Treatment Facility/State Prison in Corcoran, California.

2. Upon returning to A-Facility I and six other inmates (Inmate Montegomery, Inmate Greer, Inmate Charpentier, Inmate Reyes, an unknown inmate with a cane, and an unknown inmate with a walker) approached the A-Facility Work Change where Correctional Officer ("C/O") Robles and C/O's Doe 1 and Doe 2 were in charge of processing inmates back onto the yard. I was the only transgender in the group.

3. Inmates Greer and Montegomery were the first to enter Work Change, where C/O Robles waved them through without requiring them to "strip out" for an unclothed search or subjecting them to any manner of search whatsoever. I and the inmate with a cane next approached the Work Change, each of us pushing one of the wheelchair bound inmates. I was pushing Inamate Reyes while the other inmate was pushing Inamte Charpentier. Neither C/O Robles nor the other C/O's required Inmate Reyes or Charpentier to strip out or subjected them to any manner of search whatsoever. C/O Robles simply told Inmate Reyes and Charpentier to go throuh back to the yard. As I and the inmate with the cane, along with the inmate with the walker, prepared to follow suit, C/O Robles suddenly ordered us to go back outside, stating to the other officers "Ya know what? We're gonna strip <u>these</u> guys out," and started putting on latex glovles.

4. I and the imates with the cane and walker exited Work Change, immediately after which C/O Robles called to the inmate with a cane and the inmate with the walker to reenter Work Change, where they were instructed to merely pull

8

their shirts up and shake them out, after which they were waved through to the yard.

5. C/O Robles then called for me to enter the Work Change. As I did so I immediately presented C/O Robles with my transgender identification card. C/O Robles looked at the card and ordered me to strip. I stated that I would not strip in front of them (the mail C/O's), and that a female officer was to be called to strip me out per my transgender search preference chrono (which had been approved on February 21, 2021). C/O Robles picked up my transgender identification card and stated that it did not have a search preference on it, so it did not matter. I stated that I had not yet received my new transgender identification card with the search preference, but that he could look up the approval chrono on the computer he had right in front of him. He refused to do so, insisting that my chrono had not yet been approved, and because of such he was not required to call a female officer to strip me out. I then requested to be taken to the A-Facility Program Office to speak to a sergeant, lieutenant, or higher officer. C/O Robles refused. I then requested that a supervisor be called to the Work Change. C/O Robles again refused. He pointed to my breasts and stated "Those things on your chest don't make you special! You're not leaving this room until you take your clothes off - all of them, all the way!" I was crying and shaking, but I still refused, stating to C/O Robles that what he was doing was wrong. At this point C/O's Doe 1 and Doe 2 stood up and came around from behind their desks with their hands on their pepperspray canisters. C/O Robles continued to berrate me, stating, "There's twenty other girls on the yard that come through here and have to do the same thing and they don't give me any problems about it!"

6. Because I realized that I was neither going to be taken to the Program Office

9

to speak to a supervisor, nor was a supervisor going to be called, and because I was in fear of the immediate threat to my personal safety, I turned to C/O Doe 2 who, by the strips on his arm, had senority and started to remove my clothes. When I got down to my bra and panties C/O Doe 2 told me "Okay, now just squat and cough." As I did so, however, C/O Robles interjected, saying "No! I said everything needs to come off." I responded "This C/O just told me that I didn't need to," to which C/O Robles responded "No offense to my partner, even though he has senority, he's only here for the day. What I'm telling you is what you need to do. C/O Doe 2 remained silent. So I removed my bra and panties and squatted and coughed, with C/O Robles leering at me the entire time. As I gathered my clothes and started to dress, I told C/O Robles that I was going to report him to the Program Office. C/O Robles just laughed and said "Don't be mad at me. Ask Mia and China. They'll tell you that what I'm doing is okay.

7. As I exited the Work Change, I discovered that my podmate, Inmate Reyes, was still waiting for me in his wheelchair to be pushed back to the building. I did so and then went to Medical to receive my noontime medication. After returning to my building I immediately emailed my mother, Melody Erbacher, to apprise her of what happened and instructed her to call all of the sexual misconduct helpline numbers. I then got on the phone with her and listened as she spoke to the helpline people. She received a message back from them that it would be looked into.

8. On Wednesday, March 24, 2021, at approximately 9:00 a.m., I was called to the front of my housing unit to speak to Sergeant Palafox of the Investigative Services Unit ("I.S.U"). Despite the sensitive nature of the issue, Sgt. Palafox did not conduct me to a private office, but, rather, conducted his "interview"

10

(sans taking notes for recording my statements) directly in front of the building, in full view and earshot of passerbys. Sgt. Palafox's "interview" consisted of having me recount the events of the previous day and asking me if I could **prove** that not all the inmates going through Work Change at the time were made to strip out and/or witnesses that could support my **"version"** of events. I responded that there were witnesses (inmates who had gone through Work Change at the same time), all of whom could be identified by the log book. Sgt. Palafox stated that he would look through the log book. That was the extent of the "interview".

9. On the same day (3/23/21) I was seen by psychological clinician Savanna Bailey, with whom I discussed the events that occured the day before and how violated and threatened I had been made to feel. During out encounter Ms. Bailey confirmed that my search preference chrono has been approved on 2/21/21 and that such information was readily available on the computer.

10. On Wednesday, April 21, 2021, I submitted a CDCR 602 Inmate Appeal (Log # 110883) concerning C/O Robles' sexual harassment.

11. On Thursday, April 22, 2021, I was summoned to the A-Facilty Program Office where I was interviewed by two I.S.U. officers, one a lieutenant and the other a sergeant. They asked me to recount the events of 3/23/21, and asked several questions, recording the entire conversation. They stated that there was no record of Sgt. Palafox's "interview" and that they had not been informed of it. They also stated that there were definitely procedural errors in C/O Robles' actions.

11

12. Approximately a week to two weeks later I was summoned to the Program Office where I was ushered into the office of Lieutenant Williams. He explained that he had called me in regarding my appeal claiming C/O Robles has sexually harassed me. He stated "I don't even know how this landed on my desk. This is above my pay grade." I informed Lt. Williams that I had already discussed the events with I.S.U. officers. Lt. Williams responded "If that's true, then why did this land on my desk?" He then added, "You know that no one is going to get into trouble over this."

13. On Thursday, May 13, 2021, Inmate Charpentier, one of the wheelchair bound inmates who went through Work Change with our group on 3/23/21, signed a declaration stating that he was not made to strip out upon our return from CTC, nor subjected to any manner of search whatsoever.

14. In late June of 2021 I received from the Office of Grievances a Grievance Claims Decision Response, dated 6/19/2021, indicating that my Inmate Appeal on C/O Robles' sexual harassment has been "disapproved." The response stated tht the disapproval was in part based on the "interview" conducted on March 23, 2021 [by] Internal Affairs Sergeant Palafox. Not only was the date of the "interview" incorrect, but there was no mention of the second interview on April 22, 2021, which had been more in depth than Sgt. Palofox's, and had been recorded to preserve evidence and statements. It also incorrectly stated that, at the time of the incident (March 23, 2021) my search preference had not been approved when my search preference chrono has been approved on February 21, 2021, a fact easily ascertained by a simple review of my digital ERMS file.

15. I immediately submitted my Inmate Appeal to the CDCR Office of Appeals in Sacramento for a higher level response.

16. In late September of 2021 I received from the CDCR Office of Appeals an Appeal Claims Decision Response, dated September 18, 2021. The response and an attached memorandum stated that since the 60-day time limit for a response from the Office of Appeals had expired, no actual higher level response would be given and the answer provided by the Office of Grievances at CSATF/SP remained unchanged.

I, Justin Erbacher, swear under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:_____                        Respectfully Submitted,


                                              _____
                                              Justin Erbacher,
                                              Plantiff, In Pro Se

## E. REQUEST FOR RELIEF

State the relief you are seeking:
$500,000.00 in actual damages, plus punative and jury award, plus any further and additional relief the court deems proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 08/10/2023
DATE

SIGNATURE OF PLAINTIFF

(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

(Signature of attorney, if any)

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.