**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN J. ERBACHER,<br><br>               Plaintiff,<br><br>     v.<br><br>ROBLES,<br><br>               Defendants. | No.  1:23-cv-01194-JLT-BAM (PC)<br><br>ORDER REFUSING TO ADOPT THE FINDINGS AND RECOMMENDATIONS AND FINDING A CONGNIZABLE FOURTH AND EIGHTH AMENDMENT CLAIM<br>(Doc. 12) |

Justin J. Erbacher is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The assigned Magistrate Judge screened the first amended complaint and issued findings and recommendations, which concluded that the action should be dismissed with prejudice for failure to state a cognizable claim upon which relief may be granted.  (Doc. 12.)  Plaintiff filed objections.  (Doc. 15.)

In her objections, the plaintiff reiterates that the officer's conduct in strip searching her was due to her transgender status. (Doc. 15 at 1 -2) She alleged that the officer allowed some inmates to enter the "Work Change" area without searching them, but that the officer required that the plaintiff and other inmates in the immediate area to be searched. (Doc. 11 at 7-8) These other inmates were required to remove their shirts. *Id*. However, despite plaintiff presenting her "transgender card" and reporting that her "search preference chrono" had been approved, which allowed her to be searched by female officers, the officer required the plaintiff to remove her

1

1  clothing and to "squat and cough" to determine whether she had items secreted in her body. *Id*. at
2  7-8. None of the other inmates who were cisgender, were required to display their genitals or to
3  perform the "cough and squat." *Id*.

4  As correctly noted by the findings and recommendations, the Fourth Amendment does not
5  prohibit a cross-gender unclothed body search as described here. (Doc. 12 at 8-9) However, the
6  Ninth Circuit has adopted the four-factor balancing articulated in *Bell v. Wolfish* 441 U.S. 520,
7  559 (1979) to determine whether the Fourth Amendment is violated by a body search. *Byrd v.*
8  *Maricopa County Sheriff's Dep't*, 629 F.3d 1135, 1141 (9th Cir. 2011).

9  Though the officer did not touch the plaintiff, he made her remove all of her clothing
10  including her underwear and while nude, to squat and cough. (Doc. 11 at 8) The search occurred
11  within the view of two other male officers who were present in the office where the search
12  occurred. *Id*. The officer also commented on the plaintiff's breasts, by indicating, "Those things
13  on your chest don't make you special." *Id.* The allegations demonstrate that the search was not an
14  emergency and there was no particular need to conduct it. Finally, the officer required the nude
15  search despite being apprised that the plaintiff had been approved for search by female officers
16  and without checking whether there was a female officer available *Id.*

17  Considering these allegations, the Court concludes that the significant intrusion into the
18  plaintiff's personal rights and her desire to "shield one's unclothed figure from [the] view of
19  strangers, and particularly strangers of the opposite sex . . ." (*Byrd* at 1141) when weighed against
20  the lack of justification for the search, states a claim under the Fourth Amendment. Though this
21  search occurred only on one occasion, this is not the type of incidental or casual observation
22  anticipated in *Grummett v. Rushen*, 779 F.2d 491, 494 (9th Cir. 1985). The allegation that the
23  senior officer present at the search found that it was unnecessary for the plaintiff to remove her
24  undergarments supports this conclusion.

25  As to the sexual harassment claim brought under the Eighth Amendment, the complaint
26  does not allege that the officer touched the plaintiff or made any sexually charged comments,
27  except to note that her breasts did not "make her special." Though this comment could be
28  interpreted different ways, mere verbal harassment alone, in general, does not state a claim under

the Eighth Amendment. *Schwenk v. Hartford*, 204 F.3d 1187, 1198 (9th Cir.2000). However, this case involves more than a claim of verbal harassment, as described above. Forcing the plaintiff to strip nude and to position herself in a degrading manner without any showing or penological need, at this stage, appears to state a claim for sexual harassment. Thus, because the salient allegations made in the first amended complaint as recited above, arguably demonstrate sexual harassment under the Eighth Amendment, the Court finds that the plaintiff has stated a cognizable claim.

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court **ORDERS**:

1. The findings and recommendations issued on November 7, 2023, (Doc. 12), are not adopted;
2. This action may proceed against Correctional Officer Robles under the Fourth Amendment on the claim he conducted an unreasonable search of the plaintiff and on the claim that he subjected her to sexual harassment as prohibited by the Eighth Amendment.
3. The matter is referred to the Magistrate Judge including for all permissible purposes, including issuing the order for service of process.

IT IS SO ORDERED.

Dated:   **December 27, 2023**

UNITED STATES DISTRICT JUDGE

3